JOHNSON, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 66, 67. Argued April 3, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 332.)

14

For the plaintiff in error there was a brief and oral argument by *Emil Drobac* of Milwaukee.

For the defendant in error the cause was argued by *Terence T. Evans,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

CONNOR T. HANSEN, J.   The issue on this appeal concerns the pretrial identification of the defendant. The background of facts in this case is substantially as fol-

lows: On March 22, 1967, a robbery was committed at a grocery store located in Milwaukee. During the robbery, the only person inside the store, other than the robber, was Mrs. Belle Pittelman, the sixty-five year old wife of the owner. Mrs. Pittelman testified that the robber entered her store, walked behind a counter, announced, "This is a holdup," and demanded money. Mrs. Pittelman told the robber to take the money, which he did, from two registers she opened for him. During the robbery, the robber kept one hand in his pocket, as if he had a weapon. Testimony from Mrs. Pittelman and her husband established that $114 in bills had been taken in the robbery, including 25 one dollar bills bound with a red rubber band.

The robbery terminated at about 11:28 a. m., when the robber left the store and proceeded to run north on North 12th Street. Mrs. Pittelman activated a buzzer-type alarm after the robber left the store. James Stevenson, an eighteen-year-old employee, was working in the back of the store while the robbery was taking place. After hearing the buzzer rung by Mrs. Pittelman, he went to the front of the store where he was told that a robbery had been committed and that the robber ran outside. Stevenson ran outside the store and observed a man running north. He proceeded to chase the man but lost him near the rear of 1622 North 14th Street. Stevenson then went to the corner of 14th and Galena Streets, a short distance from the front of 1622 North 14th Street, where he was soon joined by two sheriff's deputies. A short time later, Stevenson saw the defendant emerge from the front door of 1622 North 14th Street, throw some money behind the door, and start to go back along a gangway toward the rear house at 1622-A North 14th Street. Stevenson told the deputies that the defendant was the man that he had been chasing.

The defendant was arrested and Stevenson went behind the door where he retrieved the money that had been

discarded by the defendant. The money, which was all in bills, included 25 singles bound with a red rubber band. The money totaled $114.

After the arrest, the defendant was taken to the grocery store where Mrs. Pittelman identified him as the robber. Mrs. Pittelman made the identification by looking at the defendant through the store window.

Prior to any in-court identification of the defendant by Mrs. Pittelman, the trial judge excused the jury and permitted examination of Mrs. Pittelman upon defense counsel's motion to suppress her identification. During that examination, the following question was asked by the trial court:

*"By the Court:*
"Q. I just have one: When you saw this man you have identified as the defendant, when the police had him in front of your window of the store facing you could you notice whether or not he was handcuffed?
"A. No, I didn't notice him."

The trial court denied the motion and found there was nothing intrinsically contaminating in the testimony of the witness so as to affect the constitutional validity of such evidence. We agree with this determination.

Counsel for the defendant urges that this court apply the rule enunciated in *Wade* [1] and *Gilbert* [2] to the identification made in this case. We are of the opinion that the facts surrounding the identification made in this case do not come within the rule of *Wade* and *Gilbert.* Furthermore, since the identification in this case occurred prior to June 12, 1967, the decisions of *Wade* and *Gilbert* are not applicable. *Stovall v. Denno* (1967), 388 U. S. 293, 87 Sup. Ct. 1967, 18 L. Ed. 2d 1199; *State v. Biastock* (1969), 42 Wis. 2d 525, 167 N. W. 2d 231.

---

[1] *United States v. Wade* (1967), 388 U. S. 218, 87 Sup. Ct. 1296, 18 L. Ed. 2d 1149.

[2] *Gilbert v. California* (1967), 388 U. S. 263, 87 Sup. Ct. 1951, 18 L. Ed. 2d 1178.

However, there remains for consideration the question of whether the pretrial identification was so unnecessarily suggestive and conducive to mistaken identification that the defendant was denied due process of law. *Stovall, supra.*

In *Stovall,* the victim was stabbed to death about midnight, and in the same incident his widow was stabbed and hospitalized as a result thereof. The next day the defendant was arrested and taken to the widow's hospital room, handcuffed to a police officer, for identification purposes. The United States Supreme Court considered whether the confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny Stovall due process of law. In deciding that it was not, the court stated:

". . . However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it, and the record in the present case reveals that the showing of Stovall to Mrs. Behrendt in an immediate hospital confrontation was imperative. The Court of Appeals, *en banc,* stated, 355 F. 2d, at 735,

" 'Here was the only person in the world who could possibly exonerate Stovall. Her words, and only her words, "He is not the man" could have resulted in freedom for Stovall. The hospital was not far distant from the courthouse and jail. No one knew how long Mrs. Behrendt might live. Faced with the responsibility of identifying the attacker, with the need for immediate action and with the knowledge that Mrs. Behrendt could not visit the jail, the police followed the only feasible procedure and took Stovall to the hospital room. Under these circumstances, the usual police station line-up, which Stovall now argues he should have had, was out of the question.' " *Stovall v. Denno, supra,* page 302.

Situations similar to the facts in this appeal have been considered in other jurisdictions, none of which has held the procedures involve a denial of due process. *State v. Keeney* (Mo. 1968), 425 S. W. 2d 85 (defendant returned

to store and identified by employee minutes after robbery) ; *Wise v. United States* (D. C. Cir. 1967), 383 Fed. 2d 206, certiorari denied, 390 U. S. 964, 88 Sup. Ct. 1069, 19 L. Ed. 2d 1164 (defendant returned to housebreaking scene within minutes and identified by sound of voice) ; *Commonwealth v. Bumpus* (1968), 354 Mass. 494, 238 N. E. 2d 343, certiorari denied, 393 U. S. 1034, 89 Sup. Ct. 651, rehearing denied, 393 U. S. 1112, 89 Sup. Ct. 888 (identification made close to scene shortly after breaking and entering).

The defendant in this case argues that the compelling circumstances in *Stovall* are not present. In this case, it was likely that Mrs. Pittelman would be available to go to the police station at a later date for a staged lineup; whereas in the *Stovall Case,* the widow was hospitalized and seriously wounded. It was, however, entirely reasonable for the officers to take the defendant past the grocery store which was but a short distance from the place of his apprehension and within a very short time after the commission of the offense. There is no indication in the record of any police desire or intention to deal with the defendant unfairly or to do anything but ascertain the perpetrator of the robbery.

There are at least two reasons why the procedures utilized in this case should not be struck down as violative of due process. First, the identification took place soon after the incident while the memory of the witness was still fresh.

"Here was a confrontation proximate to the scene and time of the offense as well as the apprehension, where the observers and actors were limited to those that were in fact present at the scene and time of the offense and the chase. Here were circumstances of fresh identification, elements that if anything promote fairness, by assuring reliability, and are not inherently a denial of fairness. Putting aside the issue of right to counsel for reasons already noted, we do not consider a prompt identification of a suspect close to the time and place of an offense to diverge from the rudiments of fair play

that govern the due balance of pertinent interests that suspects be treated fairly while the state pursues its responsibility of apprehending criminals." *Wise v. United States, supra,* pages 209, 210.

Secondly, imposing staged lineup requirements would require that all suspects be taken to a station house and held while identification at the scene could possibly allow a citizen to be on his way and enable the police to continue their efforts.

"Reasonable confrontations of this type, in the course of (or immediately following) a criminal episode, seem to us to be wholly different from post-indictment confrontations (such as those in the *Wade* and *Gilbert* cases) in serious crimes, after a significant interval of time, and in the absence of already appointed counsel. The Supreme Court of the United States has not applied the principle of the *Wade* and *Gilbert* cases in such circumstances. Until we have more guidance than at present about the scope of necessary application of these cases, we shall regard them as not intended to apply to facts like those in the case at bar. This is an area where proper police protection of the public may be greatly embarrassed by rigid rules restricting intelligent, fair, police action. Such action must be appraised with commonsense appreciation of the problems which confront policemen patrolling a residential area. . . ." *Commonwealth v. Bumpus, supra,* page 501.

The circumstances of this case are not suggestive of any denial of due process and the "totality of the circumstances" does not demonstrate there was an unfair trial.

*By the Court.*—Judgment and order affirmed.