STATE, Respondent, v. GRAY, Appellant.

*No. State 63. Submitted January 5, 1973.—Decided January 30, 1973.*

For the appellant the cause was submitted on the brief of *Patrick F. Brown* of Waukesha.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Richard J. Boyd,* assistant attorney general.

PER CURIAM. Defendant claims that at the hearing to determine whether to accept his plea the trial court made an insufficient record; that a claim of innocence was made which should have been investigated by the trial court; and that his on-the-scene identification without the presence of a lawyer violated his constitutional rights.

In accepting defendant's plea the trial court relied upon a statement made by the assistant district attorney rather than taking testimony from the defendant or other witnesses. Defendant's argument that the court must take the testimony of a person having knowledge of his conduct was rejected in *Edwards v. State* (1971), 51 Wis. 2d 231, 186 N. W. 2d 193.

Defendant claims that the statement given by the assistant district attorney was misleading, because it was not made explicit that the defendant did not alter or forge the check, and that the defendant gave the check to his companion in Milwaukee county. We think the statement fairly implies that defendant did not alter the check. It is irrelevant that the defendant delivered the check in Milwaukee county. He accompanied his companion to Waukesha county. As a partner in the venture, he may be charged as a principal even though he sat outside in the car. *Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521.

What defendant now claims was a statement of defense, was a statement in mitigation made by his attorney for the purpose of inducing a minimum sentence. The statement was not made at the time the plea was entered, but was made at a separate hearing at the time of sentencing. At the time the statement was made, the trial court inquired of defendant's trial attorney whether he was satisfied the plea was appropriate. This gave the trial attorney an opportunity to move to withdraw the plea. He declined the opportunity, thereby making it clear that the statement was not a statement of defense.

Defendant was identified shortly after the crime had been committed by being picked out of a group of four people who had been rounded up in the vicinity and taken to the scene. This identification was made at an investigatory rather than an accusatory stage of the criminal process. Defendant's constitutional claim is denied by *Johnson v. State* (1970), 47 Wis. 2d 13, 176 N. W. 2d 332.

The judgment and order are affirmed.