EDWARDS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 130.   Argued April 1, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 193.)

For the plaintiff in error there was a brief by *Richard Perry* and *Hayes, Peck, Perry & Gerlach,* all of Milwaukee, and oral argument by *Richard Perry.*

For the defendant in error the cause was argued by *George L. Frederick,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HALLOWS, C. J.   Edwards raises two questions on his appeal: (1) Whether a defendant in a criminal action may withdraw a guilty plea as a matter of right when the record does not show he was informed specifically that the plea constituted a waiver of his constitutional rights against self-incrimination, of a trial by jury, and to confront his accusers; and (2) whether he may withdraw his plea because the trial court failed to make an adequate evidentiary inquiry of the factual basis for the plea.

A defendant may be permitted to withdraw his plea of guilty if allowing the plea to stand would result in manifest injustice. The petition, which is addressed to the discretion of the court, was first stated in *State v. Rep-*

*pin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, and has been followed since. *Brisk v. State* (1969), 44 Wis. 2d 584, 172 N. W. 2d 199; *Gibson v. State* (1970), 47 Wis. 2d 810, 177 N. W. 2d 912. But a plea may be withdrawn as a matter of right when the acceptance of the plea constituted or was based upon a denial of a relevant constitutional right. *Creighbaum v. State* (1967), 35 Wis. 2d 17, 29, 150 N. W. 2d 494; *Ernst v. State* (1969), 43 Wis. 2d 661, 667, 170 N. W. 2d 713. To withdraw a plea as a matter of right on constitutional grounds, a defendant must show a violation of a constitutional right; that this violation caused him to plead guilty; and at the time of his plea he was unaware of the potential constitutional challenges to the case against him because of the violation of his constitutional rights.

Edwards argues he is entitled to withdraw his plea of guilty because the record does not show that he specifically waived his right against self-incrimination, trial by jury, and to confront his accusers. For a person to intelligently make a plea of guilty he must know and understand what constitutional rights are waived by the plea. Understanding only the nature of the charge and the potential punishment is not sufficient; although that is all sec. 971.08 (1) (a), Stats., seems to expressly require. Since the plea of guilty constitutes a waiver of several constitutional rights, it must meet the due-process standard of an intentional relinquishment or abandonment of a known right or privilege.

It was pointed out in *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274, relied on by Edwards, that a plea of guilty involves a simultaneous waiver of such constitutional rights, but we do not read this language to require that these rights must be specifically waived in seriatim form on the record. *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418, also speaks of these rights and

both *Boykin* and *McCarthy* emphasize that because these constitutional rights are waived by a plea of guilty, it is important the plea be intelligently and voluntarily made and a record preserved. *See: Brady v. United States* (1970), 397 U. S. 742, 90 Sup. Ct. 1463, 25 L. Ed. 2d 747; Annot. (1970), *Validity of Guilty Pleas,* 25 L. Ed. 2d 1025.

If a defendant knows the constitutional rights which are automatically waived by a plea of guilty, the plea cannot be invalidated on the ground that each of these constitutional rights were not specifically waived as such on the record. It is sufficient in such circumstances that the record shows he entered his plea voluntarily and knowingly.

Besides the rights mentioned in *Boykin* and *McCarthy,* other constitutional rights are waived by the entry of a guilty plea. These include the right to compulsory process, *Washington v. Texas* (1967), 388 U. S. 14, 87 Sup. Ct. 1920, 18 L. Ed. 2d 1019; the right to a speedy trial, *Klopfer v. North Carolina* (1967), 386 U. S. 213, 87 Sup. Ct. 988, 18 L. Ed. 2d 1; the right to a public trial, *In re Oliver* (1948), 333 U. S. 257, 68 Sup. Ct. 499, 92 L. Ed. 682; the right to trial by an impartial jury, *Irvin v. Dowd* (1961), 366 U. S. 717, 81 Sup. Ct. 1639, 6 L. Ed. 2d 751; and the right to have illegally seized evidence excluded from the trial, *Mapp v. Ohio* (1961), 367 U. S. 643, 81 Sup. Ct. 1684, 6 L. Ed. 2d 1081.

On the facts before us we do not find any reversible error. Edwards was no first offender or juvenile. He has a long criminal record. He does not claim ignorance of his constitutional rights waived by his plea of guilty or that he did not knowingly waive such rights by his plea. He claims only the record must show specific waiver of each constitutional right involved in the plea. The record as a whole shows Edwards understood what

constitutional rights he waived by his plea and that is sufficient.

Edwards' second argument is without merit and is based on a misconception that the inquiry into the factual basis for the plea must produce competent evidence which will satisfy the criminal burden of proof. As early as *Galvin v. State* (1968), 40 Wis. 2d 679, 684, 162 N. W. 2d 622, this court recommended that a postplea inquiry should be held to insure the accuracy of a plea of guilty and suggested the evidence could consist of the district attorney's presenting the facts and introducing any statements, confessions, or information given in any manner which the court deemed appropriate, including testimony of the defendant.

The purpose of a postplea inquiry is to insure the accuracy of the plea by determining whether the facts, if proved, constitute the offense charged and whether the defendant's conduct does not amount to a defense. *Ernst v. State, supra.* In sec. 971.08 (1) (b), Stats., it is provided that before a court accepts a plea of guilty it shall "Make such inquiry as satisfies it that the defendant in fact committed the crime charged." The American Bar Project on Minimum Standards for Criminal Justice, *Pleas of Guilty*, p. 8, sec. 1.6, while requiring an inquiry before the acceptance of a plea of guilty states that the inquiry should be of such a nature as will satisfy the judge there is a factual basis for the plea. The standard does not require the evidence in the form submitted at the hearing be admissible at trial or that it be sufficient to convict beyond a reasonable doubt.

In this case a police officer disclosed what was in the report of a police investigation. The report undoubtedly was hearsay because it included statements to a police officer by an off-duty officer who saw Edwards enter the food store and put on a mask. The evidence produced in the postplea inquiry was sufficient to deter-

mine the factual basis for Edwards' plea. The sufficiency of the evidence to prove the offense was not in question at such an inquiry. The plea of guilty voluntarily and intelligently made is an admission of past conduct and is itself sufficient to support the judgment of conviction. Sec. 972.13 (1), Stats. There is no need for other evidence for this purpose.

*By the Court.*—Judgment affirmed.