McALLISTER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 140.   Argued February 2, 1972.—Decided March 2, 1972.*
(Also reported in 194 N. W. 2d 639.)

226

For the plaintiff in error there was a brief and oral argument by *John W. Roethe* of Edgerton.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J.   A single issue is involved in this review: Was defendant's plea of guilty knowingly and intelligently made?

As we see it, there is no question that the trial court, on the record made here, did not sufficiently ascertain that the defendant understood the nature of the charge against him and that defendant's conduct fell within the charge to which he was pleading.

In *Ernst v. State* [1] (applicable here), this court extensively reviewed the procedure for accepting a guilty plea in view of the United States Supreme Court decisions of *McCarthy v. United States* [2] and *Boykin v. Alabama.* [3] In *Ernst* the court made mandatory the standards previously suggested in *State ex rel. Burnett v. Burke,* [4] plus the additional requirement of Rule 11 of the Federal Rules of Criminal Procedure as required by *McCarthy* and *Boykin.* The second *Burnett* standard and the additional *McCarthy* requirement are germane to this case.

[1] (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.
[2] (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418.
[3] (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274.
[4] (1964), 22 Wis. 2d 486, 494, 126 N. W. 2d 91.

The second *Burnett* requirement provides that the trial court must "establish the accused's understanding of the nature of the crime with which he is charged . . . ." [5] The *McCarthy* requirement is that the court determine " 'that the conduct which the defendant admits constitutes the offense charged . . . .' " [6] It is required that the " 'defendant [possess] an understanding of the law in relation to the facts.' " [7]

From the record here it is apparent that the trial court did not comply with either the second requirement of *Burnett* or the *McCarthy-Boykin* standard. At the taking of the plea the court did not in any way question defendant about his understanding of the charge or ascertain that the defendant understood the elements of the crime or that his conduct fell within the purview of the statute.

The state relies upon *Martinkoski v. State*,[8] *Burkhalter v. State*,[9] and *Edwards v. State* [10] in support of the argument that defendant's understanding of the charge need not appear of record. A review of these cases reveals one essential difference. In each of these cases, at the plea taking the defendant specifically stated that he understood the charges against him. In *Martinkoski,* the case primarily relied upon by the attorney general, this court noted that the defendant recited the elements of the crime to the court and that the defendant knew to which crime he was pleading.[11] In *Burkhalter* [12] and

---

[5] *Id.* at page 494; *Ernst v. State, supra,* footnote 1, at page 674.

[6] *Ernst v. State, supra,* footnote 1, at page 674.

[7] *Id.* at page 673; *McCarthy v. United States, supra,* footnote 2, at page 466.

[8] (1971), 51 Wis. 2d 237, 186 N. W. 2d 302.

[9] (1971), 52 Wis. 2d 413, 190 N. W. 2d 502.

[10] (1971), 51 Wis. 2d 231, 186 N. W. 2d 193.

[11] *Supra,* footnote 8, at page 246.

[12] *Supra,* footnote 9, at page 421.

*Edwards* [13] this court specifically noted that the court questioned the defendant about his understanding of the crime and as to whether the acts were indeed violations of the statutes in question.

The record at the taking of the plea here is absolutely silent in regard to the defendant's understanding of the charge against him.

The attorney general argues that defendant's acts were within the proscriptions of the charged statute, but such an argument is inapposite. The court has a duty to fulfill the *Ernst* requirements on the record. Defendant denies he understood the charges against him. The state attempts to circumvent the *Ernst* requirement by arguing that defendant really did understand the charge, but again that is not the issue. The issue here is what duty the trial court had when accepting the plea of guilty. Unlike the cases relied upon by the attorney general, here defendant never testified as to his knowledge of the charge or of his understanding of the crime.

The requirement that defendant understand the charge against him is most basic to a knowing plea. Unlike the requirements that the court ascertain that defendant has not been coerced and has sufficient education to enter a plea, defendant's understanding of the charge cannot be demonstrated through other testimony. Certainly such knowledge is not shown here. The record does not disclose that defendant understood the charge or that his acts violated the statute. Such knowledge cannot be drawn from his other statements to the court. The record is thus fatally defective and reversal is required.

Because of the disposition of the case on the basis of the error in the plea-taking procedure, we do not consider other questions presented by counsel.

*By the Court.*—Order reversed and cause remanded for further proceedings.

[13] *Supra,* footnote 10, at page 232.

HANLEY, J. *(dissenting).* I respectfully dissent from the decision of the court. The majority concludes, from the record, that the trial court did not sufficiently ascertain that the defendant understood the nature of the charge against him and that the defendant's conduct fell within the charge to which he was pleading. I disagree. The record is to the contrary.

As Mr. Justice WILKIE indicates in his opinion, at the initial appearance the court read the complaint to the defendant and asked him the following question: ". . . You are charged with Conduct Regardless of Life Mr. McAllister, do you understand the charge against you?" Defendant answered, "Yes." At that time defendant still claimed to be not guilty.

A week later, the record shows, defense counsel was furnished with a copy of the information, and the plea was still not guilty.

Eight months later, after the case had been set for trial by jury, defendant indicated he had changed his mind and wished to plead guilty. The information was not read at that time; but, before accepting the guilty plea, the court had the district attorney describe in detail the facts which supported the charge of "Conduct Regardless of Life." The district attorney stated:

"On the date of the offense, September 26, 1969, Mr. McAllister was drinking with three other individuals. It appears that a heated argument ensued outside Belle's Bar, while seated in an automobile Mr. McAllister discharged a firearm causing a wound to the left hand of Mr. Cannon. Mr. Cannon was taken to the hospital and he stated to officers the person that shot him was Curtis McAllister. And there was testimony by Mr. White at the preliminary hearing to the effect he had been in the area and it was rather dark and Mr. McAllister had discharged a firearm towards Mr. Cannon. Also Mr. King gave a written statement to this effect."

Defendant made no comment or objection to this statement, and the court then found the guilty plea was made voluntarily.

On this record defendant had testified he knew what he was charged with at the initial appearance. He was informed at the time of the guilty plea of the acts which he was alleged to have committed.

I would hold that the defendant knew what he was charged with, as required by *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418, and *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274. I would affirm the order of the trial court denying the motion to withdraw the guilty plea.

I am authorized to state that Mr. Justice CONNOR T. HANSEN and Mr. Justice ROBERT W. HANSEN join in this dissent.