FOSTER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 169 (1974). Argued September 9, 1975.—*
*Decided September 30, 1975.*
(Also reported in 233 N. W. 2d 411.)

For the plaintiff in error there was a brief by *Anthony K. Karpowitz,* and oral argument by *Barbara Berman,* both of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. By motion for postconviction remedy, the plaintiff in error (hereinafter referred to as the defendant), convicted on a plea of guilty to the crime of armed robbery, seeks to raise the issue of denial of speedy trial. No appeal was taken from the judgment of conviction on the plea of guilty. No motion for withdrawal of the plea of guilty was made in the trial court.

On the facts here present, we find no denial of the right of speedy trial to this defendant. On April 26, 1971, this defendant was arraigned and pled not guilty to two charges: (1) Operating an automobile without the owner's consent; and (2) armed and masked robbery (party to a crime). Trial was set for May 27, 1971. On May 26, 1971, the trial was adjourned by stipulation to July 13, 1971, and the defendant specifically waived his right to speedy trial. On July 13, 1971, the defendant did not appear in court and a capias was issued. The period of time after he had absconded and until he was apprehended is not to be considered as a delay related to his right to speedy trial. It was a delay he caused by his absconding.

In late December, 1971, the defendant was arrested in Vancouver, Washington. On December 29, 1971, the Milwaukee county sheriff's office sent a request to the Washington authorities to arrest the defendant. On January 3, 1972, the Milwaukee sheriff's department was notified that the defendant had been taken into custody. The Milwaukee sheriff's office notified the

Washington authorities that extradition would be sought. On January 28, 1972, an application was sent to the office of the governor of Wisconsin. On February 8, 1972, Wisconsin authorities were advised that the defendant had been taken into custody by the federal authorities and would be returned to Wisconsin by them for trial on a federal criminal charge. After stops in six states, presumably necessitated by pending charges or complaints against defendant, the defendant was returned to Wisconsin in mid-February by the federal authorities, and placed by them in the Waukesha county jail. A state of Wisconsin detainer was filed, and the defendant was notified of its being filed.

On June 2, 1972, the defendant was convicted in the federal district court of the offense of theft from interstate shipment and sentenced to eighteen months in federal prison. On the claim of denial of right to speedy trial, there was no obligation on the part of the state to bring this defendant to trial on the pending state charges while he was in the custody of the federal authorities and awaiting trial on a federal charge. If a check forger passes bad checks in a dozen states, he has no right to expect or demand that he be simultaneously tried in each and all of the jurisdictions in which he faces trials for the commission of criminal offenses. The one-after-another trial of resultant charges is a consequence of the wide-ranging criminal activities that does not constitute a denial of speedy trial on any one of them.

On June 9, 1972, the defendant was transferred to the federal prison at Sandstone, Minnesota. On June 15, 1972, a state detainer was filed, and the defendant was served with a copy. On July 27, 1972, the defendant wrote the Milwaukee county district attorney inquiring whether the pending state charges would be dropped or, if not, whether he could plead guilty to such state charges. On August 10, 1972, an assistant district at-

torney replied that the defendant's inquiry would be treated as a demand for speedy trial on the pending state charges. On October 25, 1972, appearances were entered in the circuit court and an attorney was appointed to represent the defendant. A hearing on motions was set for November 10, 1972, and trial was set for December 8, 1972. On November 6, 1972, the defendant filed a pro se motion for dismissal of the charges on the ground of denial of speedy trial. On November 10, 1972, the hearing on motions was reset for the trial date, December 8, 1972. On December 8th, the motion to dismiss was denied. The state requested and was granted an adjournment on the hearing of other motions. The defendant, represented by counsel, then tendered a plea of guilty to the charge of armed robbery. A "plea bargain" was introduced into the record under which the defendant agreed to plead guilty to a reduced charge of armed robbery and the prosecutor agreed to reduce the charge from that of armed and masked robbery and to recommend that any sentence imposed run concurrently with the federal sentence being served by defendant.

On this sequence of events, we hold that there is no basis in fact for a claim of denial of right to speedy trial by this defendant. In determining questions of speedy trial, the United States Supreme Court has mandated a balancing of factors to produce a just result or proper conclusion, listing such factors to be: (1) Length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to speedy trial; and (4) the prejudice to the defendant.[1] The four factors identified by the high court are to be balanced or considered together in determining whether there has been a denial of the right to speedy trial.[2]

[1] *Barker v. Wingo* (1972), 407 U. S. 514, 530, 92 Sup. Ct. 2182, 33 L. Ed. 2d 101.

[2] *Watson v. State* (1974), 64 Wis. 2d 264, 268, 219 N. W. 2d 398, this court there saying of *Barker v. Wingo, supra:* "[T]he

It takes no precision scales for the balancing of factors process in this case. There is almost nothing of substance to put on the defendant's side of the scale to give weight to his claim of denial of right to speedy trial.

While the balancing approach might suggest that, as to all claims of denial of right to speedy trial, the four factors enumerated are to be considered and weighed, the initial determination to be made concerns the length of the delay.[3] As *Barker* itself makes clear, ". . . Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."[4] Thus, until such condition precedent for inquiry is met, ". . . there would be no necessity in determining whether the defendant's sixth amendment right was violated."[5]

As to length of delay, we start here with an eighteen-month gap between the originally scheduled trial date and the date of the judgment of conviction. This shrinks by at least one third due to the more than six months accounted for by the defendant having absconded and his whereabouts being unknown. Absconding constitutes a waiver of right to speedy trial,[6] and the time span of the absconding we subtract. This leaves a twelve-month

supreme court set standards to be applied on an ad hoc basis in determining questions of speedy trial.

"The supreme court there said that four factors should be balanced in determining a possible violation of a defendant's right to a speedy trial."

[3] *Day v. State* (1973), 61 Wis. 2d 236, 245, 212 N. W. 2d 489, certiorari denied (1974), 417 U. S. 914, 94 Sup. Ct. 2614, 41 L. Ed. 2d 218.

[4] *Barker v. Wingo, supra,* footnote 1, at page 530.

[5] *Day v. State, supra,* footnote 3, at page 245.

[6] *United States v. DeTienne* (7th Cir. 1972), 468 Fed. 2d 151, certiorari denied (1973), 410 U. S. 911, 93 Sup. Ct. 974, 35 L. Ed. 2d 274, the federal court of appeals holding: "By absconding a few months after his parole from the Illinois State Penitentiary in Joliet, Askins clearly waived his right to a speedy trial." (Citing *Barker v. Wingo, supra,* at page 528.)

delay between defendant's apprehension in a western state and the taking of his plea of guilty. But two months were required for the federal authorities to return him to this state with six stops in six states. Proceedings for trial during these en route detours were not possible, so this time period cannot be considered a delay. There is then a ten-month time gap between the defendant's return to this state as a federal prisoner in prisoner custody and his entry of his plea of guilty. However, three-plus months involved the defendant's awaiting trial in federal court on federal charges. There was no obligation on the part of the state authorities to seek to try a defendant in federal custody awaiting trial on a federal charge. There was no request or demand by the defendant that this be attempted. Time here tolls for the period the defendant was in federal custody awaiting trial on the federal charge. So we are left with the June-to-December time elapsed between defendant's entering the federal prison and his plea of guilty being accepted in the state court. Given the July letter of defendant asking if he could plead guilty to the state charges, and the response of the assistant district attorney that this letter would be treated as demand for a speedy trial and a date set for trial, we find no length of delay in this case that either triggers further inquiry or warrants analysis of the other three factors in the *Barker* balancing test.[7]

If the length of delay were prima facie unreasonable or such as to occasion further analysis of the other facts, we would find the reasons for delay here to be occasioned by the conduct of the defendant, the assertion of his right,

---

[7] *Watson v. State, supra,* footnote 2, at page 269, this court holding: "Such inordinate delay [an interim of seventeen months between filing of complaint and trial] is prima facie unreasonable and prejudicial; but, as *Day*, page 245, points out, this prima facie showing merely triggers our inquiry and occasions our analysis of whether the excessive delay in fact resulted in prejudice." (Referring to *Day v. State, supra,* footnote 3, at page 245.)

if made at all, to have been speedily complied with, and the prejudice by reason of delay to be very minimal. However, on this record, we find that the length of delay does not require analysis of the other factors listed in *Barker*. In fact, we find that here there was no delay, much less a delay that could be termed unreasonable.

As to the law applicable to this situation, it is to be noted that the challenge to the judgment of conviction on the ground of denial of speedy trial followed the acceptance by the court of defendant's plea of guilty. No appeal was taken from the judgment of conviction.[8] The defendant did file two writs of habeas corpus petitions in the federal courts, but both were denied. We do not here deal with the right of defendant to be permitted to withdraw his plea of guilty if allowing the plea to stand would result in manifest injustice,[9] or where such plea was not voluntarily or knowledgeably entered.[10] We have rather, on the ground of denial of speedy trial, an attempt to challenge by way of postconviction relief petition a judgment of conviction that followed the acceptance of a plea of guilty. That cannot be done either by appeal or by application for postconviction relief under sec. 974.06, Stats.

The general rule, followed in this state, is that a plea of guilty, voluntarily and understandingly made, "constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea."[11] That this rule of waiver by

---

[8] Five identical notices of appeal, each dated February 2, 1973, appear in the record, but there is no indication that they were filed with the court, as required by secs. 974.03 and 274.11 (1), Stats.

[9] *Edwards v. State* (1971), 51 Wis. 2d 231, 233, 186 N. W. 2d 193.

[10] *Id.* at pages 234, 235.

[11] *Hawkins v. State* (1965), 26 Wis. 2d 443, 448, 132 N. W. 2d 545. *See also: State v. Biastock* (1969), 42 Wis. 2d 525, 531, 532, 167 N. W. 2d 231.

entry of guilty pleas applies to the claim of denial of speedy trial is made clear in the *Edwards Case,* this court there holding:

"Besides the rights mentioned in *Boykin* [*Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274] and *McCarthy* [*McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418], other constitutional rights are waived by the entry of a guilty plea. These include the right to compulsory process, *Washington v. Texas* (1967), 388 U. S. 14, 87 Sup. Ct. 1920, 18 L. Ed. 2d 1019; *the right to a speedy trial, Klopfer v. North Carolina* (1967), 386 U. S. 213, 87 Sup. Ct. 988, 18 L. Ed. 2d 1; the right to a public trial, *In re Oliver* (1948), 333 U. S. 257, 68 Sup. Ct. 499, 92 L. Ed. 682; the right to trial by an impartial jury, *Irvin v. Dowd* (1961), 366 U. S. 717, 81 Sup. Ct. 1639, 6 L. Ed. 2d 751; and the right to have illegally seized evidence excluded from the trial, *Mapp v. Ohio* (1961), 367 U. S. 643, 81 Sup. Ct. 1684, 6 L. Ed. 2d 1081."[12] (Emphasis supplied.)

The last reference to challenges to the admission of evidence being waived by a plea of guilty was altered by the enactment of sec. 971.31 (10), Stats., permitting an appeal, notwithstanding a plea of guilty, of orders denying motions to suppress evidence or motions challenging the admissibility of a statement. Under the rule of statutory construction of *expressio unius est exclusio alterius,* this statute stops with the single exception it creates.[13] It leaves untouched the waiver of other constitutional rights listed in *Edwards,* and, relevant to this appeal, leaves intact the *Edwards* ruling that the entry of a plea of guilty, knowledgeably and understandingly, waives the right to raise on appeal or by postconviction remedy petition the claim of denial of right to a speedy trial.[14]

[12] *Edwards v. State, supra,* footnote 9, at page 235.

[13] *See:* 2A Sutherland, *Statutory Construction* (4th ed. Sands), p. 123, sec. 47.23.

[14] *Edwards v. State, supra,* footnote 9, at page 235.

To this clear applicability of the *Edwards* holding, defendant counters that ". . . neither defense counsel nor the defendant intended that the plea would waive the challenge to the speedy trial question," and that the plea of guilty was ". . . a qualified one reserving the issue for appeal." This case is not before us on direct appeal, but, regardless of that, a defendant's expressed intent to reserve the issue of speedy trial beyond a plea of guilty does not change the *Edwards Case* rule. Rather, it could provide a basis for a claim that the plea of guilty was not knowledgeably entered, since it was based on a misunderstanding as to the effect of a plea of guilty on the right to pursue, on appeal, a challenge on the speedy trial ground. The plea of guilty is not qualified by the intent of the defendant, but the fact of its being knowledgeably and understandingly made might be affected by such reservation at the time of entry of the plea. This would lead to a postconviction request addressed to the trial court for withdrawal of the plea, not to a postconviction petition to this court seeking to raise the speedy trial issue despite the plea of guilty. We have dealt with the merits of the claim in this case to make clear that, in this case and for this defendant, there is no reason to return to the sentencing court seeking withdrawal of the plea of guilty. On the law, the defendant is not entitled to raise the issue of speedy trial by appeal or sec. 974.06, Stats., proceedings following entry of a plea of guilty. On the facts, the defendant here was not denied a speedy trial. The judgment of conviction stands, with the petition for postconviction relief denied.

*By the Court.*—Order of the circuit court finding no denial of a speedy trial affirmed.