WHITE, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–396–CR.  Submitted on briefs October 4, 1978.—Decided October 31, 1978.*
(Also reported in 271 N.W.2d 97.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *William L. Gansner*, assistant attorney general.

HANSEN, J. White was charged with intentionally taking and carrying away a chain saw, of the value of $150, owned by Andrew Hauser, without the consent of Hauser and with the intent to deprive Hauser permanently of the possession of the property, contrary to sec. 943.20(1)(a), Stats. The offense is alleged to have occurred on July 14, 1975. On November 6, 1975, he was bound over for trial after a preliminary examination. The information was filed in circuit court and White pleaded not guilty. He subsequently withdrew his plea of not guilty, entered a plea of guilty and was sentenced.

White does not challenge his conviction for the actual theft of the chain saw. Rather, he contends that in ac-

cepting his plea of guilty the trial court did not establish a factual basis for the determination of the value of the chain saw. Thus, asserts White, the trial court failed to establish a factual basis to support his conviction of a felony and the imposition of a sentence pursuant to the provisions of sec. 943.20 (3) (b), Stats.

The sixth standard set forth in *Ernst*[1] provides that the trial court shall determine:

"6. That the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *Id.* at 674.

This court has held that a failure of the trial court to establish a factual basis showing that the conduct which the defendant admits constitutes the offense charged and to which the defendant pleads, is evidence that a manifest injustice has occurred. *Morones v. State,* 61 Wis.2d 544, 552, 231 N.W.2d 31 (1973).[2]

White was charged with violating sec. 943.20 (1) (a), Stats.:

"943.20 **Theft.** (1) ACTS. Whoever does any of the following may be penalized as provided in sub. (3):
"(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property."

Different sentences may be imposed for this offense:

"(3) PENALTIES. Penalties for violation of this section shall be as follows:

[1] *Ernst v. State,* 43 Wis.2d 661, 170 N.W.2d 713 (1969). The standards relating to accepting guilty pleas were recently considered in *Spinella v. State,* 85 Wis.2d 494, 271 N.W.2d 91 (1978). [Case No. 76–432–CR. which opinion is being mandated concurrent with this opinion on October 31, 1978.]
[2] *See: State v. Reppin,* 35 Wis.2d 377, 151 N.W.2d 9 (1967); and *Ernst v. State, supra.*

"(a) If the value of the property does not exceed $100, a fine of not more than $200 or imprisonment for not more than 6 months or both.

"(b) If the value of the property exceeds $100 but not $2,500, a fine of not more than $5,000 or imprisonment for not more than 5 years or both."

Value is defined in (2) (c) :

"(c) 'Value' means the market value at the time of the theft or the cost to the victim of replacing the property within a reasonable time after the theft, whichever is less, but if the property stolen is a document evidencing a chose in action or other intangible right, value means either the market value of the chose in action or other right or the intrinsic value of the document, whichever is greater. If the thief gave consideration for, or had a legal interest in, the stolen property, the amount of such consideration or value of such interest shall be deducted from the total value of the property."

Both, the complaint and the information, state, without explanation, that the saw had a value of $150. At the preliminary examination the owner testified that he purchased the saw new on March 9, 1974. He paid $190 in cash plus a trade-in allowance on an old saw of about $60. Edward Oesau, a tavern operator, ultimately purchased the saw from White. Oesau testified, at the preliminary examination, that White owed him $20 and offered to sell him the saw in payment of the debt plus $40 in cash. Oesau finally bought the saw for cancellation of the debt plus $20 in cash. At the conclusion of the examination the presiding judge stated, "I am sure that the value is in excess of $100."

At the arraignment when the guilty plea was accepted, the value of the saw was mentioned three times, once in the reading of the information, once in the judge's question to White what plea he wished to enter to the charge of theft of property valued at $150, and once by the judge in explaining the possible sentence for theft of goods valued at more than $100. No mention of the value of the saw was made in the prosecutor's testimony which

was submitted to provide a factual basis for the plea.

At the hearing to withdraw the guilty plea, the trial court properly considered the record at the preliminary examination and arraignment and the proceedings then in court. *Loop v. State,* 65 Wis.2d 499, 222 N.W.2d 694 (1974). The trial judge, with commendable candor, acknowledged there was no testimony as to value of the saw at the time of theft, either at the preliminary examination or when the plea was accepted, and that he had no knowledge of the value of chain saws. These statements distinguish *Peterson v. State,* 54 Wis.2d 370, 195 N.W. 2d 837 (1972), which is relied upon by the state. In *Peterson* this court held that the testimony that the defendant stole two new radar ranges provided a factual basis sufficient for the court to hold that the value of the ranges exceeded $100.

The trial court concluded that a factual basis was "probably" established. This conclusion appears to be based on the preliminary examination testimony regarding original value and the fact that neither White nor his lawyer objected to the statement in the complaint and information that the value was $150. After examining the record, we are compelled to conclude there is no evidence in the record which would support a finding that value of the chain saw at the time of the theft was $150.

A factual basis may be established through testimony by witnesses, reading of police reports or statements of evidence by the prosecutor. *Wilson v. State,* 57 Wis.2d 508, 513, 514, 204 N.W.2d 508 (1973); *Edwards v. State,* 51 Wis.2d 231, 236, 186 N.W.2d 193 (1971); *Martinkoski v. State,* 51 Wis.2d 237, 245, 186 N.W.2d 302 (1971). The court may also examine the defendant regarding his actions. *Morones v. State, supra,* at 552. A statement in *Edwards, supra,* at 237, which was *dicta,* could be construed to hold that a plea of guilty itself can establish

the elements of a crime. However, a reasonable construction of the statement in *Edwards* is that the testimony of the defendant regarding his actions can be considered when establishing a factual basis for the crime charged. The record here does not suggest that White had any knowledge of the value of the saw. He attempted to get $60 for it ($40 plus a $20 debt) but finally sold it for $40 ($20 plus the $20 debt).

The establishment of a factual basis for a crime charged when receiving guilty pleas is distinct from the voluntariness requirement. A factual basis must be established to:

". . . protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *McCarthy v. United States*, 394 U.S. 459, 467 (1969).

On a motion to withdraw a guilty plea the defendant has the burden of showing manifest injustice by clear and convincing evidence. *Hatcher v. State*, 83 Wis.2d 559, 564, 266 N.W.2d 320 (1978). Permitting withdrawal of a guilty plea is within the trial court's discretion so the test on review is whether the court abused its discretion in denying the motion. *Id.* at 564.

In applying the manifest injustice test on review, this court may consider the whole record since the issue is no longer whether the guilty plea should have been accepted, but rather whether there was an abuse of discretion in the trial court's denial of the motion to withdraw. Facts adduced at the preliminary hearing and at the motion hearing may be considered in evaluating the denial of the motion to withdraw. *Christian v. State*, 54 Wis.

2d 447, 458, 195 N.W.2d 470 (1972) ; *Loop v. State, supra,* at 503.

We find no evidence in this record to support a finding that there is a factual basis to establish the value of the chain saw at $150. White has therefore been subjected to a manifest injustice.

The manifest injustice in this case does not arise from the acceptance of the guilty plea to the theft charge. It arises from the imposition of a penalty based upon the conclusion of the trial court that the value of the chain saw, at the time of the theft, was $150. The trial court committed no error when accepting the plea of guilty to a violation of sec. 943.20(1)(a), Stats., because a factual basis was established for the actual theft. The difficulty presented relates to the imposition of the sentence.

Value is not an element of the crime charged under sec. 943.20(1)(a), Stats. However, value must be determined before an appropriate penalty can be imposed under sec. 943.20(3). *Bere v. State,* 76 Wis.2d 514, 251 N.W.2d 814 (1977) ; *Sartin v. State,* 44 Wis.2d 138, 170 N.W.2d 727 (1969) ; *Heyroth v. State,* 275 Wis. 104, 81 N.W.2d 56 (1957). These cases are distinguishable from *Gilbertson v. State,* 69 Wis.2d 587, 230 N.W.2d 874 (1975). In *Gilbertson* the defendant was charged under the burglary statute, sec. 943.10(1)(a), with intentionally entering a building without the consent of the person in lawful possession with intent to commit a felony. The felony intended to be committed was criminal damage to property by reduction in value of more than $1,000. Sec. 943.01(1), (3). In *Gilbertson* the intent to commit a felony was an element of the crime charged. This court held that there was insufficient proof to support a finding that the value of the property intended to be damaged

would have been reduced in value by more than $1,000 and reversed the judgment of conviction.

Therefore, while the value of the stolen goods is not an element of the crime under sec. 943.20 (1) (a), Stats., it does determine whether the offense is a misdemeanor or a felony and also the severity of the punishment imposed for violation of such statute.

From our examination of the record, we conclude there is no factual basis to support a finding that the value of the stolen property was $150. Therefore the sentence imposed pursuant to sec. 943.20 (3) (b), Stats., is set aside and vacated. The cause is remanded for the imposition of a sentence pursuant to the provisions of sec. 943.20 (3) (a).[3] In imposing such a sentence the trial court is to give due and appropriate consideration to any term of imprisonment White has served pursuant to the judgment of conviction and sentence entered on July 6, 1976.

*By the Court.*—Judgment and order affirmed in part; reversed in part, and cause remanded.

---

[3] *Bere v. State, supra,* at 526, 527.