SPINELLA, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–432–CR.  Submitted on briefs October 4, 1978.—Decided October 31, 1978.*
(Also reported in 271 N.W.2d 91.)

For the plaintiff in error the cause was submitted on the briefs of *John I. Norsetter,* Legal Assistance to Inmates Program, of Madison.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Pamela Magee-Heilprin,* assistant attorney general.

HANSEN, J. Spinella was arrested on February 6, 1974. The police report received and filed at the time he entered his plea of guilty states that at the time of his arrest he was driving a car with a license plate on it not registered to the car. The car had been stolen four months previously in Milwaukee. The ignition lock had been removed and the car had to be "hot-wired" with a screw driver to start it. He pleaded guilty on June 17, 1974. Between the time of his arrest and the entry of his plea of guilty he made eleven court appearances. The first lawyer to represent him was permitted to withdraw because of conflicts with his client. He then requested the court to appoint counsel for him. This request was refused. Spinella then engaged another lawyer.

He requested a jury trial. The case was set for trial several times and when each trial date arrived the trial court granted an adjournment.

Spinella also had pending two charges alleging violation of sec. 161.41(3), Stats. These were disposed of in a separate action. On June 17, 1974, the trial court was informed that as a result of plea negotiations Spinella wished to withdraw his not guilty plea, waive his right to a trial by jury and enter a plea of guilty to the charge of operating a vehicle without the owner's consent.

The trial court was further informed that the state would recommend a sentence of three years on the instant charge and six months on each of the other two charges, with sentences to run concurrently. Both defendant and his counsel confirmed their understanding of this agreement. When the trial court ultimately imposed the sentence, it was in accordance with the terms of the negotiated plea. The defendant received the sentence he had bargained for.

The only judgment of conviction before us on this review is that relating to the charge of operating a motor vehicle without the owner's consent. Spinella argues: (1) The trial court failed to satisfy itself that a factual

basis for the plea existed; (2) the record fails to show that he understood the nature of the crime with which he was charged; and (3) that he was not informed that by pleading guilty he waived his privilege against self-incrimination and the right to confront witnesses against him.

In *Ernst v. State,* 43 Wis.2d 661, 170 N.W.2d 713 (1969), this court mandated standards for the acceptance of a guilty plea. Under *Ernst* a trial court is required to establish the following on the record:

1. The extent of the defendant's education and general comprehension;

2. the defendant's understanding of the nature of the crime with which he is charged and the range of punishment it carries;

3. whether he has been made any promises or threats in connection with his appearance, plea of guilty, or refusal of counsel;

4. that the defendant has been advised that a lawyer might discover defenses or mitigating circumstances that he, as a layman, might not be aware of;

5. that the defendant understands that counsel will be appointed for him if he is a pauper; and

6. that the conduct which the defendant admits constitutes the offense charged.

*Ernst, supra,* at 674.

Sec. 971.08 (1), Stats., codifies these standards to some extent:

"971.08 **Pleas of guilty and no contest; withdrawal thereof.** (1) Before the court accepts a plea of guilty or no contest, it shall:

"(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted; and

"(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged."

Withdrawal of a guilty plea after sentencing will be permitted only where it is necessary to correct a manifest injustice. *State v. Reppin,* 35 Wis.2d 377, 386, 151 N.W.2d 9 (1967). In adopting the manifest injustice test the court also recognized four factual situations set forth in the tentative standards of the ABA as representing instances of manifest injustice. The third of these situations reads:

". . . The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed. . . ." *Reppin, supra,* at 385, fn. 2.

On a motion to withdraw a guilty plea the defendant has the burden of showing manifest injustice by clear and convincing evidence. *Hatcher v. State,* 83 Wis.2d 559, 564, 266 N.W.2d 320 (1978). Permitting withdrawal of a guilty plea is within the trial court's discretion so the test on review is whether the trial court abused its discretion in denying the motion. *Id.* at 564. However, the violation of a relevant constitutional right which causes the defendant to plead guilty and because of which the defendant is unaware of the potential constitutional challenges to the case against him is a manifest injustice in itself which gives a defendant the right to withdraw his guilty plea. *Id.* at 565.

Spinella challenges the factual basis established for his plea. The police report was offered and received by the trial court. It is a part of the record. The defendant suggests it was not read by the trial court. This is a conclusion unsupported by the record. The crime here alleged is not complicated. The police report is a relatively short two-page handwritten document. It was offered, received and is a part of the record. There is nothing

in the record which would indicate it was not considered by the trial court.[1] The purpose of ascertaining a factual basis for a plea is to make certain that the defendant is pleading guilty to a crime he committed. *Peterson v. State,* 54 Wis.2d 370, 385, 195 N.W.2d 837 (1972). We are of the opinion there is sufficient factual basis in the record to convince the trial court that Spinella was pleading guilty to a crime he committed.

This court has held that where, as here, the guilty plea is the result of plea negotiations, the trial court need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea. *Broadie v. State,* 68 Wis.2d 420, 423, 424, 228 N.W.2d 687 (1975) ; *Wilson v. State,* 57 Wis.2d 508, 513, 204 N.W.2d 508 (1973).

In *Edwards v. State,* 46 Wis.2d 249, 174 N.W.2d 269 (1970), this court said that for a sec. 943.23, Stats., violation, the state must prove that the defendant knew he was driving the vehicle without consent, but that circumstantial evidence could be used. The court said the evidence would be insufficient to support a conviction if the state could only prove the defendant was driving a stolen car while the defendant contended it was his uncle's.

Unlike *Edwards,* Spinella has not contended that he had the consent of anyone. Further, in a negotiated plea acceptance, unlike a trial, the factual basis need not be established beyond a reasonable doubt.

The trial court did not abuse its discretion in denying the motion for withdrawal of the guilty plea on the grounds that there was no factual basis to find that Spinella committed the crime for which he was charged.

[1] *See: Loop v. State,* 65 Wis.2d 499, 503, 222 N.W.2d 694 (1974). There the police report was not considered by the trial court at the time the plea was entered, but was considered in postconviction motions.

Spinella also argues that the record does not disclose that he had sufficient understanding of the nature of the crime to which he pleaded guilty. He does not argue that he did not understand the nature of the charge when he entered his plea.[2]

In *Reppin, supra,* this court held that manifest injustice existed where the defendant could prove by clear and convincing evidence that the plea was involuntary or entered without knowledge of the charge. The second of the *Ernst* standards requires the court ". . . [t]o establish [on the record] the accused's understanding of the nature of the crime. . . ." *Ernst, supra,* at 674. This requirement has been codified in sec. 971.08 (1) (a), Stats.:

"971.08. **Pleas of guilty and no contest; withdrawal thereof.** (1) Before the court accepts a plea of guilty or no contest, it shall:

"(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted; . . ."

The defendant's understanding of the charge is part of the voluntariness requirement. *Hatcher, supra,* at 563. The Supreme Court explained the need for a voluntariness determination on the record in *McCarthy v. United States,* 394 U.S. 459 (1969), at 466–471:

". . . Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."

". . . .

". . . There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the de-

---

[2] *See: Martinkoski v. State,* 51 Wis.2d 237, 244, 186 N.W.2d 302 (1971).

fendant's understanding of the nature of the charge against him."

". . . .

". . . [S]ince the elements of the offense were not explained to petitioner, and since the specific acts of tax evasion do not appear of record, it is also possible that if petitioner had been adequately informed he would have concluded that he was actually guilty of one of two closely related lesser included offenses, which are mere misdemeanors."

The *McCarthy* court held that the record did not disclose that the defendant understood all the elements of the tax evasion charges filed against him and therefore the guilty plea was set aside and the case remanded for a new hearing on the plea.

In *McAllister v. State,* 54 Wis.2d 224, 194 N.W.2d 639 (1972), this court held that the defendant should be permitted to withdraw his guilty plea where the record was "absolutely silent" as to the defendant's understanding of the charge. *Id.* at 230. This court noted that the trial court had not questioned the defendant in any way at the plea-taking. The court distinguished prior cases as involving defendants who expressly stated that they understood the charges against them. The court said:

". . . The court has a duty to fulfill the *Ernst* requirements on the record. Defendant denies he understood the charges against him. The state attempts to circumvent the *Ernst* requirements by arguing that defendant really did understand the charge, but again that is not the issue. The issue here is what duty the trial court had when accepting the plea of guilty. Unlike the cases relied upon by the attorney general, here defendant never testified as to his knowledge of the charge or of his understanding of the crime.

"The requirement that defendant understand the charge against him is most basic to a knowing plea. Unlike the requirements that the court ascertain that defendant has not been coerced and has sufficient education to enter a plea, defendant's understanding of the

charge cannot be demonstrated through other testimony. Certainly such knowledge is not shown here. The record does not disclose that defendant understood the charge or that his acts violated the statute. Such knowledge cannot be drawn from his other statements to the court. The record is thus fatally defective and reversal is required." *Id.* at 230.

The record in the instant case is meager and we have no hesitancy in stating that even when accepting a negotiated plea, including the willingness of the trial court to impose the recommended sentence, it well behooves the trial court to follow the mandate of *Ernst, supra.*

Unlike *McCarthy, supra,* the crime here charged is not complex. Spinella made eleven court appearances. In response to his exercise of his right to a jury trial, a trial date had been set on two occasions and adjourned at his request. His plea negotiations resulted in the disposition of three criminal charges against him and the ultimate imposition of a sentence by the trial court in accordance with the agreement reached in such negotiations. He has never contended he did not understand the charge. There is nothing in the record to indicate the trial court indulged in any presumption of Spinella's understanding of the elements of the crime from his willingness to plead or from the fact that he was represented by counsel.

This court has repeatedly held that the holdings of *Boykin v. Alabama,* 395 U.S. 238 (1969) and *McCarthy, supra,* as implemented by this court in *Ernst, supra,* and succeeding cases have imposed a burden on trial courts to create a record demonstrating that the defendant understood the nature of the charge. It is equally clear that these holdings have not established mandatory or inflexible guidelines.[3]

---

[3] *Martinkoski, supra,* at 244, 245; *State v. Bagnall,* 61 Wis.2d 297, 309, 212 N.W.2d 122 (1973).

■
This court has continued to adhere to the manifest injustice test set forth in *Reppin, supra*. It is incumbent upon the defendant to prove grounds for withdrawal of a guilty plea by clear and convincing evidence, *Hatcher, supra,* at 564. In this case Spinella has made no attempt to prove he did not understand the nature of the charge at the time he entered his plea and does not contend he did not understand the charge. The trial court did not abuse its discretion when denying the motion to withdraw the plea on the grounds that Spinella did not understand the charge.

Finally, Spinella contends that he should be allowed to withdraw his plea because the trial court failed to inform him that by pleading guilty he waived his privilege against self-incrimination and right to confront witnesses against him.

In *Edwards v. State,* 51 Wis.2d 231, 234, 235, 186 N.W. 2d 193 (1971), when considering the holdings of *Boykin, supra,* and *McCarthy, supra,* this court held that a plea could be withdrawn as a matter of right when the acceptance of the plea constituted or was based upon a denial of a relevant constitutional right and that:

". . . To withdraw a plea as a matter of right on constitutional grounds, a defendant must show a violation of a constitutional right; that this violation caused him to plead guilty; and at the time of his plea he was unaware of the potential constitutional challenges to the case against him because of the violation of his constitutional rights." *Edwards, supra,* at 234.

*Edwards* also held that this court did not interpret *McCarthy, supra,* to say that all constitutional rights must be specifically waived in seriatim form on the record. The rule was restated in *Jones v. State,* 59 Wis.2d 184, 207 N.W.2d 890 (1973):

". . . It is not the litany to be recited that is most important. It is rather that the record make clear that the

plea of guilty was voluntarily and understandingly entered. . . ." *Id.* at 200.

All authorities which have come to our attention emphasize that the significant fact is that the record demonstrates that the plea was voluntarily and understandingly entered.

In the instant case we consider the acceptance of a negotiated plea to a charge that is not complex factually. *Boykin, supra,* which was implemented by this court in *Ernst, supra,* was a case which considered a silent record. *McCarthy, supra,* involved a tax evasion prosecution. Therein the court stated that the nature of the inquiry on accepting guilty pleas must necessarily vary from case to case and the court did not intend to establish guidelines. *Id.* fn. 20, at 467.[4]

We conclude that Spinella knowingly and voluntarily entered a plea following negotiations between the state and the defendant and his counsel, that no violation of his constitutional rights caused him to plead guilty, and that he was fully aware of the consequences of entering such a plea. We do, however, observe that our holding should not be construed as an endorsement of the procedure followed by the trial court in this case. Trial courts would be well advised to follow the mandate of *Ernst, supra.*

*By the Court.*—Order affirmed.

[4] *Kloner v. United States,* 535 Fed.2d 730 (2d Cir. 1976); *Wilkins v. Erickson,* 505 Fed.2d 761 (9th Cir. 1974); *Wade v. Coiner,* 468 Fed.2d 1059 (4th Cir. 1972).