STATE of Wisconsin, Plaintiff-Respondent,

v.

Reinier A. RAVESTEIJN, Defendant-Appellant.

Court of Appeals

*No. 2005AP1955–CR. Submitted on briefs August 23, 2006.
—Decided November 8, 2006.*

2006 WI App 250

(Also reported in 727 N.W.2d 53.)

On behalf of the defendant-appellant, the cause was submitted on the brief *Rudolph L. Oldeschulte* of *Rudolph L. Oldeschulte, LLC*, Lake Geneva.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Juan B. Colas*, assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. SNYDER, P.J. Reinier A. Ravesteijn appeals from a judgment of conviction of burglary, kidnapping, and false imprisonment and from an order denying his postconviction motion. He contends that the circuit court failed to obtain a valid waiver of his right to an interpreter, that the circuit court failed to ascertain his understanding of the range of potential punishment resulting from his guilty plea, that there was no factual basis for the unmitigated kidnapping conviction, and that he was denied the effective assistance of trial counsel. We reject the claim that the circuit court needed to determine whether Ravesteijn needed an

interpreter. Further, we reject Ravesteijn's arguments for plea withdrawal. However, we conclude that Ravesteijn entered his plea on the misunderstanding that at sentencing the kidnapping charge could be reduced to a Class C felony if the prosecution failed to prove that the victim was released with permanent physical injury. Accordingly, we affirm the order denying Ravesteijn's motion to withdraw his guilty plea. However, the judgment of conviction for kidnapping is reversed with direction that Ravesteijn be resentenced after a determination of whether he is guilty of a Class B or Class C kidnapping.

## BACKGROUND

¶ 2. On February 4, 2003, Ravesteijn entered the home of an eighty-eight-year-old woman, placed a coat over her head, carried her away to the trunk of her car, and transported her to his residence where he placed her inside a trailer. The victim's grandson received a phone call from the victim indicating that she was being held. A ransom note was received two days later and two email messages followed shortly thereafter. When police stopped Ravesteijn's vehicle on February 8, 2003, he admitted he had kidnapped the victim and took investigators to the trailer where he was holding her. He provided the investigators with the key to the trailer and shackles which held the victim. The victim was treated for frostbite and a blood clot in her leg caused by the shackles.

¶ 3. Ravesteijn was charged with burglary, kidnapping with intent to cause the transfer of property, false imprisonment, operating a vehicle without the owner's consent and second-degree reckless injury. He was also charged with an attempted kidnapping while concealing identity for acts committed against another

family member. He entered a guilty plea on the first three charges. There was no plea agreement. On the Class B felony kidnapping charge, the court sentenced Ravesteijn to thirty-five years in prison and nine years of extended supervision, for a total sentence of forty-four years. After sentencing, the prosecution dismissed the remaining charges.

¶ 4. Ravesteijn moved for postconviction relief, seeking to withdraw his guilty plea. The circuit court denied the motion and Ravesteijn appeals.

## DISCUSSION

¶ 5. Ravesteijn requests permission to withdraw his guilty plea to each of the three charges and asks that we order a new trial with an interpreter present. In the alternative, he requests resentencing on the kidnapping charge. Ravesteijn presents three primary arguments on appeal. First, he contends that the circuit court failed to obtain a valid waiver of his right to an interpreter. Next, he argues that plea withdrawal is warranted on the unmitigated kidnapping conviction because the circuit court failed to ascertain his understanding of the range of potential punishment and there was no factual basis for the plea. Finally, he contends that he was denied the effective assistance of trial counsel.

*Right to an Interpreter*

¶ 6. Ravesteijn, a citizen of the Netherlands, argues that the circuit court was obligated to consider whether he needed an interpreter and to obtain his personal waiver of the right to an interpreter. *See State v. Neave*, 117 Wis. 2d 359, 375, 344 N.W.2d 181 (1984),

669

*overruled on other grounds by State v. Koch*, 175 Wis. 2d 684, 499 N.W.2d 152 (1993); Wis. Stat. § 885.38 (2003–04).[1] His argument fails, however, because the circuit court's obligation to make a factual determination is triggered only when the court is put on notice that the defendant has a language difficulty. *Neave*, 117 Wis. 2d at 375. The court has notice of a language difficulty "when it becomes aware that a criminal defendant's difficulty with English may impair his or her ability to communicate with counsel, to understand testimony in English, or to make himself or herself understood in English." *State v. Yang*, 201 Wis. 2d 725, 734, 549 N.W.2d 769 (Ct. App. 1996).

■

¶ 7. Here, nothing in the record suggests the existence of a language barrier to understanding the plea colloquy. Ravesteijn's consultations with counsel during the plea colloquy were attributed to nerves rather than an inability to comprehend the English language.[2] The record showed that Ravesteijn had been in the United States for a long time. Though Ravesteijn is not a citizen of the United States and speaks with a Dutch accent, his English language ability is reflected in the fact that the circuit court almost overlooked the obligation to inform Ravesteijn that as a noncitizen he could be subject to deportation as a result of the convictions.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

[2] Appellate counsel's characterization that the circuit court accepted Ravesteijn's plea despite "clear notice" that Ravesteijn did not understand the contents and consequences of the plea colloquy and that the plea colloquy was "unintelligible" is grossly misleading. Counsel's role as an advocate does not entitle him to make such exaggerations.

¶ 8. Although an interpreter was sworn at the postconviction motion hearing, the circuit court expressed surprise at the claim that an interpreter was required. The court observed that throughout the proceedings Ravesteijn understood and was able to communicate in English. Ravesteijn's postconviction appellate counsel acknowledged that Ravesteijn "does speak English, and he speaks it well."

¶ 9. The circuit court did not have an obligation to inquire about whether an interpreter was needed or personally waived by Ravesteijn. There was nothing to suggest that Ravesteijn had a difficulty with English that might impair his ability to communicate with counsel, understand proceedings in English, or make himself understood in English. *See id.* at 734. It follows that there is no manifest injustice supporting plea withdrawal. *See State v. Booth*, 142 Wis. 2d 232, 235, 237, 418 N.W.2d 20 (Ct. App. 1987) (to withdraw a guilty plea after sentencing, a defendant bears the burden to show by clear and convincing evidence that a manifest injustice would result if the withdrawal were not permitted).

*Plea Colloquy*

██

¶ 10. Ravesteijn argues that the circuit court failed to comply with Wis. Stat. § 971.08, which provides in relevant part:

(1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

Whenever the § 971.08 procedure is not undertaken, and the defendant alleges that he did not know or understand the information that should have been provided at the plea hearing, the burden shifts to the State to show by clear and convincing evidence that the plea was entered knowingly, voluntarily and intelligently. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986).

¶ 11. The circuit court's denial of a motion to withdraw a plea is reviewed under an erroneous exercise of discretion standard. *State v. Black*, 2001 WI 31, ¶ 9, 242 Wis. 2d 126, 624 N.W.2d 363. A defendant must establish a manifest injustice supporting plea withdrawal and does so by showing that he or she did not knowingly, intelligently and voluntarily enter the plea. *State v. Brown*, 2006 WI 100, ¶ 18, 293 Wis. 2d 594, 716 N.W.2d 906. Because a plea that is not entered voluntarily, knowingly and intelligently violates due process, the determination of whether a plea is voluntarily made presents a question of constitutional fact. *Id.*, ¶ 19. We accept the circuit court's findings of historical and evidentiary facts unless they are clearly erroneous but we determine de novo whether those facts demonstrate a knowing, intelligent and voluntary plea. *Id.*

¶ 12. Kidnapping for ransom is a Class B felony, punishable by a maximum imprisonment of sixty years. WIS. STAT. § 940.31(2)(a); WIS. STAT. § 939.50(3)(b). The relevant statutory language, and the context in which it appears, is as follows:

**940.31 Kidnapping. (1)** Whoever does any of the following is guilty of a Class C felony:

672

(a) By force or threat of imminent force carries another from one place to another without his or her consent and with intent to cause him or her to be secretly confined or imprisoned or to be carried out of this state or to be held to service against his or her will;

. . . .

**(2)** (a) Except as provided in par. (b), whoever violates sub. (1) with intent to cause another to transfer property in order to obtain the release of the victim is guilty of a Class B felony.

(b) Whoever violates sub. (1) with intent to cause another to transfer property in order to obtain the release of the victim is guilty of a Class C felony if the victim is released without permanent physical injury prior to the time the first witness is sworn at the trial.

Sec. 940.31. The maximum term of imprisonment for a Class C felony is forty years. Sec. § 939.50(3)(c).

¶ 13. Ravesteijn contends that during the plea colloquy the circuit court failed to advise him of the difference in potential punishments and that a mitigating circumstance might reduce the penalty under Wis. STAT. § 940.31(2)(b). He characterizes this as a failure to fulfill the requirement of Wis. STAT. § 971.08(1)(a), that the court determine that the defendant understands the potential punishment if convicted. *See State v. Byrge,* 2000 WI 101, ¶ 57, 237 Wis. 2d 197, 614 N.W.2d 477 (when a defendant is not aware of the potential punishment, the plea is not entered knowingly, voluntarily and intelligently, and the result is a manifest injustice supporting plea withdrawal).

¶ 14. At the plea hearing, the circuit court found that Ravesteijn was advised and understood that the maximum penalty for kidnapping was sixty years' imprisonment. At the postconviction motion hearing, the

court took the extraordinary measure of eliciting trial counsel's testimony. Counsel indicated that early on he recognized the potential penalty reduction under WIS. STAT. § 940.31(2)(b). He told Ravesteijn that if the prosecution could not show that there was a permanent physical injury, the maximum penalty would be forty years. He concluded his testimony saying, "I have no doubt that [Ravesteijn] was under the impression that this felony could end up as a potential forty years instead of sixty years if the state could not show there was permanent physical injury."

¶ 15. After hearing this testimony, the circuit court found that Ravesteijn entered his plea knowing the maximum term of imprisonment could be sixty or forty years and that there was no assurance that it would be only forty years. It concluded the plea was entered knowingly, since it was just a matter of "hope" that the maximum would be reduced to forty. We agree that Ravesteijn cannot now claim that he was unaware of the potential punishment he faced by entry of his plea. He elected to face sentencing with the possibility of a sixty-year maximum.

¶ 16. We next address Ravesteijn's claim that there was no factual basis for conviction of kidnapping as a Class B felony. The crime, as charged here, has five elements: (1) that the defendant transported the victim from one place to another, (2) without the victim's consent, (3) forcibly, (4) with the intent that the victim be secretly confined, and (5) and with the intent to cause another to transfer property to obtain the victim's release. WIS. STAT. § 940.31(1)(a) and (2)(a); WIS JI—CRIMINAL 1280 (2006). Ravesteijn does not dispute the factual basis for any of these five elements.

¶ 17. WISCONSIN STAT. § 940.31(2)(b) allows for a lesser degree of kidnapping if two *additional* elements are present: (1) the victim is released prior to the first witness testimony and (2) there is no permanent physical injury to the victim. Ravesteijn states: "A review of the entire record prior to the acceptance of the plea provides no factual basis that the victim suffered permanent physical injury." In essence, Ravesteijn argues that he did not knowingly plead to a Class B felony kidnapping; instead, he pled to kidnapping in anticipation that the felony degree would be established through additional fact-finding regarding the victim's injuries. The relevant excerpts from Ravesteijn's plea colloquy are as follows:

THE COURT: Have you gone over this plea questionnaire and waiver of rights form and the attached information and the attached outline of the statutes, as well as the instructions on the elements of the offenses you're going to be pleading to, all very thoroughly with your attorney?

[RAVESTEIJN]: Yes, sir.

THE COURT: Okay. And counsel, did you include instructions on each one of the charges that he's going to be admitting to?

[DEFENSE COUNSEL]: I did, your honor, and attached to the guilty plea questionnaire are all the relevant statutes and jury instructions.

. . . .

THE COURT: [addressing Ravesteijn] Okay. In your opinion then are you going to be freely, knowingly, and voluntarily entering your plea . . . with all your rights in mind as set forth in this questionnaire and all of the attached documents and after a full discussion of the same with your attorney?

675

[RAVESTEIJN]: Yes, sir.

. . . .

THE COURT: Did you very carefully discuss the constitutional rights that have been checked in this questionnaire?

[RAVESTEIJN]: Yes, sir.

THE COURT: You understand what each one of those constitutional rights are?

[RAVESTEIJN]: Yes, sir.

THE COURT: Counsel, are you satisfied your client does in fact independently himself understand everything in the plea questionnaire and waiver of rights and the attached documents?

[DEFENSE COUNSEL]: I do, your honor. As I said, the exact copy you have I handed to [Ravesteijn], and I had him read it . . . and I specifically asked [him], "Are there any questions you have about these materials?"

THE COURT: Okay.

[DEFENSE COUNSEL]: He said he understood everything that I submitted to him. And I had highlighted in yellow, just like your copy, everything that I wanted him to read.

. . . .

THE COURT: [H]ow do you plead to the charge that you did, on February 4, 2003, in Walworth County, by force, carry another, [the victim], from one place to another without her consent and with intent to cause her to be secretly confined with the intent to cause another to transfer property in order to obtain the release of the victim—otherwise in short form known as kidnapping—contrary to Section 940.31(1)(a) and (2)(a), Wisconsin Statutes?

676

[RAVESTEIJN]: Guilty, sir.

We note that the materials given to Ravesteijn, specifically the statutes "highlighted in yellow" and relied upon during the plea colloquy, include the text of § 940.31(2)(b), kidnapping as a Class C felony, and Wıs. Stat. § 939.50(3)(c), the penalty for a Class C felony. It is reasonable to believe that this reinforced Ravesteijn's belief that the degree and penalty for his crime were yet to be determined.

¶ 18. The State argues that there is no legal authority for Ravesteijn's proposition and that a court accepting a guilty plea to a charged offense should have to ascertain a factual basis for *excluding* a lesser-related offense. However, the legislature has written the kidnapping statute to suggest just such a situation. The corresponding jury instruction offers a bit of guidance. It provides:

> The additional instruction on the mitigating factor *should be given whenever there is some evidence* in the case that the victim was released without permanent physical injury. This evidence may be part of the state's case or may be presented by the defendant. The question is phrased in terms of the defendant's failure to release the victim in order to avoid any problems in shifting the burden of proof to the defendant. *Once there is some evidence of a mitigating factor, the burden is on the state to prove the absence of that factor.*

Wis JI—Criminal 1280 n.11 (emphasis added). Ravesteijn argues that the threshold of "some evidence" was met by the State's criminal complaint, which indicated that the victim was treated for frostbite and a blood clot. This prompts the relevant inquiry as to whether the victim suffered permanent injury, a fact the State would be required to prove at trial. *See id.*

677

¶ 19. Ravesteijn asserts that the absence of a factual basis for the permanent injury element results in manifest injustice requiring plea withdrawal. We disagree. The manifest injustice in this case does not arise from the acceptance of the guilty plea to the kidnapping charge. It arises from the imposition of a penalty without proper consideration of the potential mitigating factors. We liken this to the situation addressed in *White v. State*, 85 Wis. 2d 485, 271 N.W.2d 97 (1978). There the supreme court reviewed a theft conviction. It held that although the value of stolen property was not an element of the crime charged under WIS. STAT. § 943.20(1)(a) (theft), value must be determined before an appropriate penalty can be imposed under § 943.20(3). *White*, 85 Wis. 2d at 492. The supreme court held that the existence of the mitigating factor, there the value of the stolen property, must be determined before the penalty is imposed. *See id.*

¶ 20. Similarly, the circuit court here was presented with a potential mitigating factor. The problem stems from the exception incorporated into WIS. STAT. § 940.31(2)(a) and (b), which injects new considerations when there is some evidence that the victim was released without permanent physical injury. *See* WIS JI—CRIMINAL 1280. Acceptance of the guilty plea to the kidnapping charge is supported by the record, but the imposition of a penalty without consideration of the mitigating circumstance is not. *Cf. White*, 85 Wis. 2d at 492 (no error in accepting a guilty plea when a factual basis was established for the actual theft but difficulty presented relates to the imposition of the penalty dependent on the value of the property stolen). *See also State v. Harrington*, 181 Wis. 2d 985, 991–92, 512 N.W.2d 261 (Ct. App. 1994) (because the severity of the sentence depends on the value of the property taken, it

is manifestly unjust to sentence a defendant on a charge in the absence of information or evidence of the value; remanded for resentencing). As a result, the plea to kidnapping may be preserved; the error manifested itself in the imposition of the sentence.

*Ineffective Assistance of Counsel*

¶ 21. The issue of ineffective assistance of counsel developed during the postconviction motion hearing testimony elicited from trial counsel. At the conclusion of the hearing, the circuit court stated that it believed it "had appointed for [Ravesteijn] an excellent counsel, and he . . . can have no complaint" about his representation. Ravesteijn disagrees. To prevail on this claim, Ravesteijn must demonstrate that counsel performed deficiently and that the deficient performance prejudiced the defendant. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

¶ 22. Ravesteijn's most compelling argument is that he unknowingly waived the opportunity to have a fact finder determine whether the victim was released with or without permanent physical injury. Trial counsel testified that he discussed with Ravesteijn his belief that before the sixty-year maximum could be imposed, it would be the prosecution's burden to show that there was permanent physical injury. He then saved the issue for sentencing. Trial counsel's belief that the absence or presence of permanent physical injury would be litigated at sentencing was incorrect. We would consider whether trial counsel was ineffective on that basis but the claim has not been specifically made.[3] Nonetheless,

---

[3] Trial counsel characterized the failure to raise the issue during the plea hearing as a mistake for which Ravesteijn should not suffer. Trial counsel testified that if Ravesteijn had found out "early on" that the potential was sixty years instead of

it is a simple matter that Ravesteijn misunderstood the consequence of his plea with respect to the possible reduction of the offense to a Class C felony.

¶ 23. That segues to Ravesteijn's claim that trial counsel was ineffective for not moving to withdraw his plea before sentencing when the circuit court ruled that the Class B maximum would apply. Prior to sentencing, Ravesteijn would have been allowed to withdraw his plea for any fair and just reason, provided it did not substantially prejudice the prosecution. *See State v. Bollig*, 2000 WI 6, ¶ 28, 232 Wis. 2d 561, 605 N.W.2d 199. In contrast, plea withdrawal after sentencing is allowed "only when necessary to correct a manifest injustice." *State v. Duychak*, 133 Wis. 2d 307, 312, 395 N.W.2d 795 (Ct. App. 1986).

¶ 24. When Ravesteijn argued at sentencing that the kidnapping offense should be considered a Class C felony, the circuit court ruled that by entering a plea to the charge as designated in the complaint under Wis. Stat. § 940.31(2)(a), Ravesteijn waived a claim that the charge could be reduced to a Class C felony. The court noted that Ravesteijn's plea foreclosed the prosecution from meeting its burden that the victim suffered permanent injury. Nonetheless, Ravesteijn did not move to withdraw his plea.

¶ 25. Counsel explained that he did not move for an adjournment or plea withdrawal at that time because he did not believe it would have been granted given the high profile nature of the case and the number of people present for sentencing. He advised

_____

forty years he may have changed his mind about entering a plea. Ravesteijn did not testify at the postconviction motion hearing on this point.

Ravesteijn that, based on his review of newspaper accounts and discovery, he was not sure if the victim suffered permanent physical injury. Also, he admitted that at the time of sentencing he probably did not think of moving to withdraw the plea.

¶ 26. Upon reflection, trial counsel believed he should have so moved the court at sentencing.[4] Counsel rejected the suggestion that there might have been a tactical reason for not wanting the prosecution to prove up permanent physical injury. He recognized that such proof might serve to demonstrate aggravating factors in the crime but indicated it would not have made a difference in light of the vast information the court possessed about the circumstances of the kidnapping and conditions of captivity.

¶ 27. It is undisputed that Ravesteijn entered his plea on the representation from trial counsel that something was going to happen at sentencing that could reduce the maximum penalty. Ravesteijn's misunderstanding implicates the waiver of his right to a jury trial. The presence or absence of the mitigating circumstance is something the trier of fact would determine after a verdict on the unmitigated offense of kidnapping for ransom. *See* WIS JI—CRIMINAL 1280 n.11. Ravesteijn was not informed that his plea would waive the right to have a trier of fact make that determination. "If a defendant does not understand the nature of the charge and the implications of the plea, he should not be entering the plea, and the court should not be accepting

---

[4] Trial counsel agreed with the circuit court's suggestion that a plea withdrawal would result in the danger of having the additional counts revived. However, at the time of sentencing, those counts had not yet been dismissed and the dismissal of those counts was not part of any plea agreement.

the plea." *State v. Brown*, 716 N.W.2d 906, ¶ 37. If the issue had been raised before sentencing, it may have constituted a fair and just reason for plea withdrawal. *See State v. Shanks*, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989) (the actual existence of a genuine misunderstanding of the plea's consequences and confusion on the defendant's part are factors to be considered in resolving whether a defendant should be permitted to withdraw the plea).

¶ 28. The State argues that plea withdrawal would have unraveled the planned strategy to enter a plea to three counts on which there was no viable defense and hope that the other three charges would be dismissed. However, the three other charges had not yet been dismissed; plea withdrawal would not have changed Ravesteijn's position; he still would have faced six counts.

¶ 29. Waiver of the opportunity to reduce the maximum penalty should have been knowingly made and it was not. Trial counsel's reason for not seeking an adjournment or plea withdrawal before sentencing does not reflect the deliberateness, caution, and circumspection that satisfies the prudent-lawyer standard for effective counsel. *See State v. Felton*, 110 Wis. 2d 485, 502, 329 N.W.2d 161 (1983). Futhermore, Ravesteijn was prejudiced by the ineffective performance of his trial counsel. His sentence of forty-four years' imprisonment exceeds the maximum exposure he would have if convicted of the Class C felony kidnapping, which has a maximum term of imprisonment of forty years. *See* Wis. Stat. § 939.50(3)(c).

## CONCLUSION

¶ 30. We conclude that no error occurred with regard to the burglary or false imprisonment guilty

pleas. The circuit court had no indication of a language difficulty and therefore had no obligation to make a factual determination as to the need for an interpreter. *Neave*, 117 Wis. 2d at 375.

¶ 31. However, we have no confidence that Ravesteijn knowingly entered his plea to the Class B felony charge of kidnapping. Ravesteijn's unknowing waiver of the opportunity to reduce the charge to a Class C felony and thereby reduce his potential punishment resulted in manifest injustice. Resentencing is all that is necessary to correct the injustice done here. Therefore the sentence imposed pursuant to WIS. STAT. § 940.31(2)(a), a Class B felony, is set aside and vacated. The cause is remanded for a determination of whether Ravesteijn is guilty of a Class B or Class C felony. If the parties cannot stipulate to the presence or absence of the mitigating circumstance that would reduce the penalty to be imposed for kidnapping, a trial, either to the court or jury, may be convened on that one disputed fact. At resentencing, the circuit court is to give due and appropriate consideration to any term of imprisonment Ravesteijn has served pursuant to the current judgment of conviction and sentence. We affirm the order denying plea withdrawal.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions; order affirmed.