COURT OF APPEALS
DECISION
DATED AND FILED

July 26, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1427-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF1104

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

JOSE FLORES,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County: MARIA S. LAZAR, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jose Flores appeals from a judgment of conviction and an order denying his postconviction motion. Flores argues that he is entitled to withdraw his guilty plea to child enticement based on trial counsel's alleged ineffective assistance in failing to adequately explain the elements of the crime to which he pled and the deportation consequences of entering the plea. He also argues that the plea colloquy was deficient based on his purported lack of understanding of the English language and of the nature of the crime to which he pled. We conclude that there was no ineffective assistance of counsel and that the plea colloquy was adequate. Accordingly, we affirm.

¶2 Flores was charged with repeated sexual assault of a child after his seven-year-old stepgranddaughter disclosed that he had touched her genitals, breasts, and buttocks on multiple occasions in 2016. He retained attorneys to assist him with potential immigration issues and his criminal defense. Shortly before the scheduled trial on the child sexual assault charge, Flores agreed to enter a plea to a greatly reduced charge of child enticement—causing mental harm. *See* WIS. STAT. § 948.07 (2021–22).[1] The plea agreement decreased Flores's exposure from sixty years of imprisonment down to twenty-five years and made sex-offender registration discretionary rather than mandatory. It also gave Flores, who is not a U.S. citizen, the possibility to successfully contest any potential deportation proceedings by immigration authorities.

¶3 During the plea colloquy, Flores responded affirmatively to the circuit court's questions asking if he understood the terms of the plea agreement,

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

that the court was not bound by the agreement, and that pleading guilty could result in consequences beyond the sentence imposed. The circuit court went through the entire plea colloquy with Flores in detail, stopping at times and asking Flores the same questions in multiple ways. Flores indicated throughout the colloquy that he understood the proceedings, was not confused, and had no questions regarding the plea process. At times during the colloquy, he responded to the circuit court's questions, not with just "yes" or "no" answers, but instead with more complete responses such as "Nice and clear" and "I have no questions."

¶4 At one point during the colloquy, Flores began to speak to the merits of the case. His attorney interrupted, telling him that he did not need to make a statement. Flores was then given time to speak to his attorney off the record. After the discussion between Flores and his attorney, his attorney came back on the record and indicated that Flores understood, stating that "He does understand English but …" At this point, the circuit court interrupted and offered to provide an interpreter at sentencing. Up to this point in the court proceedings, neither Flores nor his attorney had requested an interpreter during any hearing, and there had been no indication at any time that Flores had difficulty understanding English.

¶5 Toward the end of the colloquy, the circuit court asked Flores if the factual allegations set forth in the criminal complaint and amended Information were "substantially true and correct." Flores replied, "It's true."

¶6 Flores plead guilty to the reduced charge of child enticement—causing mental harm. The circuit court accepted the plea, finding that it was entered "freely, voluntarily, intelligently and with full understanding of the nature

of the amended charge, his conduct and the maximum possible penalties with respect to this amended charge that could be imposed upon him by the Court."

¶7    At a later sentencing hearing, the circuit court sentenced Flores to six years of initial confinement and ten years of extended supervision. Immigration officials subsequently began removal proceedings against Flores.

¶8    Flores moved for plea withdrawal by new counsel.  First, he argued that he was deprived of effective assistance of counsel in the plea process because his trial counsel failed to fully explain the elements of the crime (namely, the "mental harm" element) and gave him inaccurate information about the immigration consequences of his plea.  Second, he argued the plea colloquy was defective because the circuit court failed to "determine the extent of the defendant's education and general comprehension" and failed to establish that Flores understood the charge to which he was pleading.  After holding three hearings on the matter and taking evidence from Flores's criminal and immigration attorneys as well as from a literacy consultant/English-language trainer called by the defense, the circuit court denied the motion.  This appeal follows.

¶9    On appeal, Flores renews his claim that he is entitled to withdraw his guilty plea.  A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice.  *See* ***State v. Taylor***, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482.  One way to show a manifest injustice is to demonstrate that a defendant's counsel rendered ineffective assistance.  ***Id.***, ¶49.  A manifest injustice also occurs when a plea was not knowingly, voluntarily, and intelligently entered. ***Id.***, ¶24.

¶10    There are two methods by which courts typically review motions to withdraw a plea after sentencing.  One method, based on *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), applies when the defendant seeks withdrawal based upon a factor extrinsic to the plea colloquy.  The other method, based on *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), applies when the defendant's motion alleges a defect in the plea colloquy.  In this case, Flores's postconviction motion contained both *Bentley* and *Bangert* claims.

¶11    We begin our analysis with Flores's *Bentley* claim that his trial counsel was ineffective.  Flores accuses his counsel of ineffective assistance for erroneously advising him of the definition of the "mental harm" element to which he pled by explaining it to him in "layman's terms," rather than providing the statutory definition verbatim.  Flores also asserts ineffective assistance for trial counsel's purported failure to advise him that he would be deported if convicted. He argues that both errors prejudiced him because he would not have agreed to the plea had he been properly informed on either point.

¶12    To prevail on an ineffective assistance claim, a defendant must show that counsel's performance was both deficient and prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice in the context of a request for plea withdrawal, a defendant must demonstrate "that there is a reasonable probability that, but for the counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  *Bentley*, 201 Wis. 2d at 312 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

¶13    Our review of an ineffective assistance claim presents a mixed question of fact and law.  *State v. Erickson*, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999).  We uphold the circuit court's findings of fact unless they are clearly

erroneous. *Id.* However, the ultimate determinations of whether counsel's performance was deficient and prejudicial are questions of law that we review de novo. *Id.*

¶14 As an initial matter, Flores has failed to establish that counsel's performance was deficient. Regarding the alleged failure to properly explain "mental harm," trial counsel testified that she first discussed the child enticement charge with Flores around the time she began negotiating by email with the prosecutor. She testified that she again went over the elements of the amended charge with Flores prior to the plea. The elements also were written by hand on the plea form. Additionally, Flores's wife testified that trial counsel had discussed the elements of child enticement with her and Flores. The circuit court found as fact that trial counsel did explain the elements of the amended charge to Flores. Flores has not argued that the factual finding is clearly erroneous and otherwise fails to provide credible support for his argument.

¶15 As to Flores's assertion in his brief that trial counsel "told him he would … *not* be deported," trial counsel testified to the contrary. Trial counsel stated that she had prepared a memo for Flores setting forth potential immigration consequences related to his then-pending criminal case. She also testified that she told Flores in person during more than one discussion what the immigration consequences would be under various conviction scenarios. The circuit court explicitly found the testimony of trial counsel on this point more credible than that of Flores or his wife, both of whom testified that trial counsel told him he would never get deported. We defer to a circuit court's credibility determinations. *See Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979) (stating that the "trial judge is the ultimate arbiter of the credibility of the witnesses").

¶16     Even assuming deficient performance by trial counsel, we conclude that Flores has failed to establish that he suffered prejudice.  Again, a defendant must demonstrate "that there is a reasonable probability that, but for the counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Bentley*, 201 Wis. 2d at 312 (quoting *Hill*, 474 U.S. at 59).  Flores fails to provide support for his bald assertion that trial counsel's performance in any way prejudiced him.  He simply argues, without reliance on the record, that "[t]he prejudice is clear."  His briefing ignores that the defense expert gave a strongly unfavorable assessment of the strength of the case, that the child victim gave a credible hour-long forensic interview, and that the immigration and sentencing consequences of a conviction on the original charge would be dire, whereas a plea to the reduced charge offered him some opportunity to avoid deportation and significantly lower sentencing exposure.  Without any additional support, Flores has failed to convince this Court that there is a reasonable probability that, but for counsel's alleged error, Flores would not have pled guilty and would have insisted on going to trial.

¶17     We turn next to Flores's *Bangert* claim, which involves an alleged defect in the plea colloquy.  Flores complains that the plea colloquy was deficient in that the circuit court failed to adequately determine whether he could understand the plea proceedings in English and comprehend the nature of the crime to which he was pleading.  Flores asserts that the colloquy was further inadequate because the circuit court did not provide him with a Spanish-speaking interpreter.

¶18     To help ensure that a defendant's plea is knowing, voluntary, and intelligent, the circuit court must perform certain statutory and court-mandated duties on the record during the plea hearing.  *Taylor*, 347 Wis. 2d 30, ¶31.  If the

7

defendant believes that the circuit court did not fulfill those duties, the defendant may seek plea withdrawal based on the alleged deficiencies in the colloquy pursuant to *Bangert*. *Taylor*, 347 Wis. 2d 30, ¶32.

¶19    A defendant moving for plea withdrawal pursuant to *Bangert* must both (1) make a prima facie showing that the plea colloquy was defective because the circuit court failed to fulfill its duties and (2) allege that the defendant did not know or understand the information that should have been provided at the plea hearing. *Taylor*, 347 Wis. 2d 30, ¶32. Whether a defendant has established a defect in the plea colloquy is a question of law that we review de novo. *State v. Brown*, 2006 WI 100, ¶21, 293 Wis. 2d 594, 716 N.W.2d 906.

¶20    We are not convinced that Flores has established a defect in the plea colloquy in this case. He fails to make even a prima facie showing that the circuit court failed to fulfill its duties. Even assuming, however, that Flores could make such a showing, the record clearly shows that his plea was knowing, voluntary, and intelligent.

¶21    At the plea hearing, the circuit court specifically asked Flores whether he understood English well enough to accurately follow the plea proceedings: "You understand the English language sufficiently to understand what we are doing here today; correct?" Flores replied, "Yes." The court also explored Flores's educational history with him, establishing that he had completed six years of school. His attorney also indicated that Flores understood the agreement he was entering into and that his plea was knowing, voluntary, and intelligent.

¶22    The circuit court made several factual findings in its written decision denying Flores's postconviction motion. It found that it was familiar with the

background of this case, knew that an interpreter had never been sought, knew that several documents prepared only in English were signed by Flores, and noted that Flores had only spoken in English in the courtroom. Moreover, a court commissioner had already questioned Flores with respect to his waiver of a preliminary hearing on an English-only form and the colloquy that was undertaken to ascertain that Flores understood his rights and understood English, was, in and of itself, conducted solely in English with no request for an interpreter by Flores. The plea questionnaire was not in English and Spanish, but only in English, and the boxes indicating that Flores understood English and understood the charge(s) to which he was pleading were both checked off. At no point did Flores ever state that he did not understand any of the proceedings or ask for clarification in the plea or during any other hearing.

¶23    Under these circumstances, the circuit court did not err in concluding that Flores understood English and in not offering him an interpreter for the plea hearing. *See State v. Ravesteijn*, 2006 WI App 250, ¶9, 297 Wis. 2d 663, 727 N.W.2d 53 (explaining that when there's "nothing to suggest that [a defendant] had a difficulty with English that might impair his ability to communicate with counsel, understand proceedings in English, or make himself understood in English," the court has no obligation to inquire about whether an interpreter is needed).

¶24    The record also does not support Flores's argument that the colloquy was inadequate on the ground that the court failed to establish that Flores understood the nature of the crime to which he pled. The court explained the elements of the reduced charge in detail to Flores before Flores pled guilty: "between June 1, 2016 and September 1, 2017 in Muskego with intent to cause mental harm it asserts you did cause a child under the age of 18, and that is an

individual with the initials MJF, to go into a room contrary to the statutes … correct?" Flores responded affirmatively. In addition, as stated above, the court found credible trial counsel's testimony that she went over all of the elements and explained the nature of the crime to Flores in "layman's terms" on more than one occasion. Under the totality of the circumstances, the circuit court did not err in concluding that Flores understood the proceedings, understood the crime to which he was pleading, and knowingly, voluntarily, and intelligently entered his guilty plea.

¶25    For these reasons, we conclude that Flores has not met his burden of proving that plea withdrawal is necessary to avoid a manifest injustice. The record does not support his ineffective-assistance-of-counsel or his defective colloquy arguments.

        *By the Court*.—Judgment and order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.